## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NVIDIA Corporation,
2840 San Tomas Expressway
Santa Clara, CA 95051

       Petitioner,

   v.

Samsung Electronics Co., Ltd.
1320-10 Seocho 2-dong
Seocho-gu, Seoul 137-965
South Korea
Telephone: +82-2-2255-0114

Samsung Electronics America, Inc.
85 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (201) 229-4000

Samsung Telecommunications America, LLC
1301 Lookout Drive
Richardson, Texas 75802
Telephone: (972) 761-7000

Samsung Semiconductor, Inc.
3655 North First Street
San Jose, California 95134
Telephone: (408) 544-4000

Qualcomm, Inc.
5775 Morehouse Drive
San Diego, CA 92121
Telephone: (858) 587-1121

      Respondents.

Case No. _____

**EXPEDITED MOTION FOR
ISSUANCE OF LETTER OF
REQUEST**

## EXPEDITED MOTION OF PETITIONER NVIDIA CORPORATION
## FOR THE ISSUANCE OF A LETTER OF REQUEST FOR
## INTERNATIONAL JUDICIAL ASSISTANCE

Petitioner NVIDIA Corporation ("NVIDIA"), Complainants in *Certain Consumer*

*Electronics and Display Devices With Graphics Processing and Graphics Processing Units*

*Therein*, Investigation No. 337-TA-932 before the U.S. International Trade Commission ("ITC"), hereby move for the Court to issue, under its seal and signature, the attached Letter of Request on behalf of NVIDIA to obtain documents and deposition testimony from the following foreign third parties:

1. ARM Norway AS
2. Edvard Sørgård
   All of:
   ARM Norway AS
   Olav Tryggvassons gt. 39-41
   7011 Trondheim
   Norway

Administrative Law Judge Thomas B. Pender has recommended that the United States Court for the District of Columbia issue the Letter of Request. NVIDIA seeks foreign discovery from ARM Norway AS, and Edvard Sørgård (collectively, "ARM Norway") because the graphics processing units ("GPUs") in the Samsung accused products are the component that is principally accused of infringing the patents-in-suit, and Samsung sources some of its GPU cores from ARM Norway. NVIDIA also requires testimony from certain representatives of ARM Norway regarding the internal design, structure and functionality of ARM Norway's MALI GPU cores and to authenticate the documents ARM Norway produces, so NVIDIA can use that testimony and the produced documents in the ITC proceedings to prove infringement by the accused Samsung products.

For the reasons set forth more fully in the accompanying memorandum, NVIDIA respectfully requests that the Court assign a Judge to this matter and expedite the issuance of the attached letter of Request.

NVIDIA moved in the ITC for the administrative law judge to recommend that this Court issue a letter of request on behalf of NVIDIA to obtain discovery from ARM Norway

on November 20, 2014 and the Administrative Law Judge granted NVIDIA's motion on December 8, 2014. The motion was unopposed.

Respectfully Submitted,

Dated:  December 16, 2014

Sten Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, D.C. 20005-1706
Phone: (202) 339 8436
Fax: (202) 339 8500
Email:  sjensen@orrick.com

*Counsel for Petitioner*
*NVIDIA Corp.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NVIDIA Corporation,

                Petitioner,

    v.

Samsung Electronics Co., Ltd.; Samsung
Electronics America, Inc.; Samsung
Telecommunications America, LLC;
Samsung Semiconductor, Inc.; and
Qualcomm, Inc,

                Respondents.

Case No. _____

**MEMORANDUM OF LAW IN
SUPPORT OF PETITIONER'S
EXPEDITED MOTION FOR
ISSUANCE OF LETTER OF
REQUEST**

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER NVIDIA
CORPORATION'S EXPEDITED MOTION FOR THE ISSUANCE OF A LETTER OF
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Petitioner NVIDIA Corporation ("NVIDIA"), Complainants in *Certain Consumer*

*Electronics and Display Devices With Graphics Processing and Graphics Processing Units*

*Therein*, Investigation No. 337-TA-932 before the U.S. International Trade Commission ("ITC"),

hereby submit this memorandum in support of its expedited motion for this Court to issue, under

its seal and signature, the attached Letter of Request to the appropriate judicial authority in the

Norway.

On November 20, 2014, NVIDIA moved in the ITC for the administrative law

judge to recommend that this Court issue a letter of request on behalf of NVIDIA to obtain

discovery from ARM Norway AS and Edvard Sørgård (also of ARM Norway AS) in Norway.

The motion was unopposed.   On December 8, 2014, Administrative Law Judge Thomas B.

Pender, based on his knowledge of the case, signed an order recommending that this Court issue

the Letter of Request on behalf of NVIDIA.  (Exhibit 1).

The Letter of Request (Exhibit 2) solicits assistance from the Royal Ministry of Justice and Public Security Department of Civil Affairs on behalf of NVIDIA to obtain from ARM Norway certain technical documents and testimony relevant to the ITC Investigation. NVIDIA respectfully requests that the Court issue the attached Letter of Request.

The following documents are attached to this Memorandum:

- Exhibit 1: Order No. 7: Granting NVIDIA's Unopposed Motion Seeking Recommendation to the District Court for the District of Columbia to Issue a Letter of Request (December 8, 2014), signed by Administrative Law Judge Thomas B. Pender.

- Exhibit 2: PROPOSED Letter of Request by the U.S. District Court for the District of Columbia on behalf of NVIDIA.
    o Attachment A: Documents or Other Property to be Produced by ARM Norway.
    o Attachment B: Topics for the Deposition of ARM Norway.
    o Attachment C: Protective Order.

In support of this Motion, NVIDIA respectfully states as follows:

## I.  THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, Art. 1. Both the United States and the Kingdom of Norway are parties to the Hague Convention. Norway ratified the Hague Convention on August 3, 1972. *See* Hague Conf. on Private Int'l Law, *Status Table*, http://www.hcch.net/index_en.php?act=conventions.statusprint&cid=82 (last visited December 11, 2014). Under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the Central Authority. For ARM Norway, the appropriate authority is the Central Authority for Norway for the Hague Evidence

Convention.               *See*               http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/norway.html (last visited December 12, 2014).

      The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 535 (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); *see, e.g.*, 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). Further, Administrative Law Judges have issued such Requests to the U.S. District Court for the District of Columbia as part of other ITC investigations. *See e.g., Certain Electronics Devices, Including Wireless Communications Devices, Tablet Computers, Media Players, and Televisions, and Components Thereof*, Inv. No. 337-TA-862, Order No. 34 (Request granted June 12, 2013); and *Certain Windshield Wiper Devices and Components Thereof*, Inv. No. 337-TA-902, Order Nos. 6, 7 and 8 (Requests granted Feb. 12, 2014).

## II. BACKGROUND

### A. Relevant Witnesses and Documents Reside in Norway

      NVIDIA requested that the U.S. International Trade Commission investigate its allegations that Respondents  Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Semiconductor, Inc.; and Qualcomm, Inc. (collectively, "Respondents) import, sell for importation, and/or sell after importation certain consumer electronics and display devices with graphics processing and graphics processing units that infringe U.S. Patent No. 6,198,488 ("the '488 patent"), U.S. Patent No. 6,992,667 ("the '667 patent"), U.S. Patent No. 7,038,685 ("the '685 patent"), U.S. Patent No. 7,015,913 ("the '913

patent"). U.S. Patent No. 6,697,063 ("the '063 patent"), U.S. Patent No. 7,209,140 ("the '140 patent"), and U.S. Patent No. 6,690,372 ("the '372 patent") (collectively, the "Asserted Patents").

NVIDIA seeks production of documents and deposition testimony for use at the hearing in the underlying ITC Investigation from ARM Norway, because the graphics processing units ("GPUs) in the Samsung accused products are the component that is principally accused of infringing the patents-in-suit, and Samsung sources some of its GPU cores from ARM Norway. ARM Norway designs the Mali GPU cores and provides the RTL to Samsung for direct integration into its Exynos processors, which are used in certain of the accused products. Thus, ARM Norwa y possesses unique and significant information concerning the internal design, structure and functionality of the GPUs in many of the Samsung products at issue in the ITC Investigation. ARM Norway is the most knowledgeable about the design, development, functionality, operation, and licensing of its Mali GPU cores, which are central to NVIDIA's claims of infringement against certain Samsung accused products. NVIDIA also requires testimony from certain representatives of ARM Norway regarding the internal design, structure and functionality of the Mali GPUs and to authenticate the documents ARM Norway produces, so NVIDIA can use that testimony and the produced documents in the ITC proceedings to prove infringement by the accused Samsung products.

Based on the role of GPU cores in the Asserted Patents, NVIDIA reasonably believes that the requested technical documentation about ARM Norway's MALI GPU cores will be relevant to NVIDIA's assertions that the Respondents infringe the Asserted Patents. The attached Letter requests that ARM Norway produce documents described in Attachment A to the Letter, and requests that certain ARM Norway employees appear and testify at a deposition regarding the matters identified in Attachment B as soon as practicable.

## III.   ARGUMENT

The issuance of the Letter of Request is warranted for several reasons.   The deposition testimony and documents requested in the Letter of Request are highly relevant to NVIDIA's allegations in the ITC investigation.   NVIDIA's complaint alleges that the Respondents violated Section 337 by importing devices that infringe NVIDIA's patents. NVIDIA seeks information tailored to determine the operation and functionality of ARM Norway's Mali GPU cores, which are used in certain of the accused products. NVIDIA anticipates that the requested testimony and documents will be highly material to the issue of infringement in the ITC investigation.   Furthermore, NVIDIA does not seek information the disclosure of which would compromise the security of the Kingdom of Norway.

NVIDIA recognizes that in accordance with Article 23 of the Hague Convention, the Kingdom of Norway "will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries."   *See* http://www.hcch.net/index_en.php?act=status.comment&csid=511&disp=resdn (last visited Dec. 12, 2014).   Consistent with this reservation, the attached Letter of Request is narrowly tailored and seeks only the oral testimony of knowledgeable ARM Norway witnesses and certain technical documentation, including source code, for its Mali GPU cores.   The Letter of Request does not request that the witnesses, ARM Norway, or any other entity, state which documents are relevant to the proceedings, nor does it request documents other than those specified in the Letter of Request.   Furthermore, the documents produced pursuant to the Letter of Request would be subject to the Protective Order issued in the ITC investigation, Attachment C to the Letter of Request, ensuring that ARM Norway's interests are adequately protected.

NVIDIA also served a subpoena on ARM Inc., which is a U.S. subsidiary of ARM Ltd. in the United Kingdom.   ARM Ltd. is also the parent corporation to ARM Norway AS.   Based

on publicly-available information, including the apparent compliance of ARM Inc. with past ITC

subpoenas, NVIDIA believes that ARM Inc. has relevant information in its possession, custody,

or control, or should be able to obtain such information from its parent company in the United

Kingdom, which information NVIDIA is informed and believes is within the control of ARM Inc.

However, ARM Inc. has responded to NVIDIA's subpoena and specifically identified ARM

Norway as having "possession, custody, and control" of relevant information sought in

NVIDIA's subpoena to ARM Inc. Thus, and as admitted by ARM Inc., the documentation and

testimony sought by these Letters of Request are in the possession, custody and control of ARM

Norway AS, located in Norway.

        NVIDIA is fully prepared to meet the procedural requirements for obtaining

evidence through a Letter of Request. The steps in the process of obtaining judicial assistance

are:

- NVIDIA must obtain a Letter of Request with a District Court judge's signature and the District Court's seal.

- The Letter of Request must include the identities of the parties, the nature of the proceedings, the discovery sought, special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Convention. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, http://www.hcch.net/upload/actform20e.pdf (last visited Dec. 11, 2014).

- NVIDIA must transmit the letter to the Royal Ministry of Justice and Public Security for enforcement in a Norwegian court.

        In view Norway's ratification, reservations, and declarations to the Hague

Convention, NVIDIA respectfully requests that the Court issue the attached Letter of Request

directed to the Central Authority for the Kingdom of Norway (Exhibit 2).

Respectfully Submitted,

Dated:  December 16, 2014

_____

Sten Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, D.C. 20005-1706
Phone: (202) 339 8436
Fax: (202) 339 8500
Email:  sjensen@orrick.com

*Counsel for Petitioner*
*NVIDIA Corp.*

## CERTIFICATE OF SERVICE

It is hereby certified that copies of **NVIDIA CORPORATION'S EXPEDITED MOTION FOR LETTERS OF REQUEST AND MEMORANDUM IN SUPPORT** we re served on December 16, 2014 as follows:

| | |
|---|---|
| Whitney Winston<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436 | By email:<br>Whitney.Winston@usitc.gov |
| D. Sean Trainor<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>*Counsel for Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Semiconductor, Inc.* | By email:<br>Samsung-NVIDIA-ITC932_KEService@kirkland.com |
| Deanna Tanner Okun, Esq.<br>ADDUCI, MASTRIANI & SCHAUMBERG, LLP<br>1133 Connecticut Avenue, N.W., 12th Floor<br>Washington, DC 20036<br>*Counsel for Respondent Qualcomm, Inc.* | By email:<br>QCOM-3@adduci.com<br>QCITC-KVN@kvn.com<br>Nvidia-QC@nortonrosefulbright.com |

# EXHIBIT 1

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| In the Matter of | |
| --- | --- |
| **CERTAIN CONSUMER ELECTRONICS AND DISPLAY DEVICES WITH GRAPHICS PROCESSING AND GRAPHICS PROCESSING UNITS THEREIN** | Inv. No.  337-TA-932 |

### ORDER NO. 6:  GRANTING UNOPPOSED MOTION OF COMPLAINANT NVIDIA CORPORATION SEEKING RECOMMENDATION TO THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER OF REQUEST
(December 8, 2014)

On November 20, 2014, Complainant NVIDIA Corp. ("NVIDIA") moved for a recommendation that the District Court for the District of Columbia issue a Letter of Request that solicits assistance from the Royal Ministry of Justice and Public Security, acting as the Central Authority for the Kingdom of Norway, to obtain certain specific technical documents and testimony from the following foreign third parties: (1) ARM Norway AS; (2) Edvard Sørgård (also of ARM Norway AS).  (Motion Docket No. 932-010.)

NVIDIA states in its motion that it seeks production of documents and deposition testimony for use at the hearing in this Investigation from ARM Norway AS ("ARM"), because the graphics processing units ("GPUs) in the Samsung accused products (*i.e.*, the component that is principally accused of infringing the patents-in-suit), are partially sourced by Samsung from ARM.  NVIDIA asserts that ARM designs the Mali GPU cores and provides the RTL to Samsung for direct integration into its Exynos processors, which are used in certain of the accused products. Thus, NVIDIA argues that ARM possesses unique and significant information concerning the internal design, structure and functionality of the GPUs in many of the Samsung products at issue in this Investigation.

For good cause shown, NVIDIA's motion (Motion Docket No. 932-010) seeking recommendation to the U.S. District Court for the District of Columbia is hereby GRANTED. My recommendation is attached below as Exhibit A.

**SO ORDERED.**

Thomas B. Pender
Administrative Law Judge

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC

Before the Honorable Thomas B. Pender
Administrative Law Judge

| | |
|---|---|
| In the Matter of )<br><br>CERTAIN CONSUMER ELECTRONICS )<br>AND DISPLAY DEVICES WITH )<br>GRAPHICS PROCESSING AND )<br>GRAPHICS PROCESSING UNITS )<br>THEREIN ) | Investigation No. 337-TA-932 |

RECOMMENDATION FOR
LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The undersigned Administrative Law Judge ("ALJ") finds that the evidence Complainant

NVIDIA Corporation ("NVIDIA") seeks pursuant to its Proposed Letter of Request is evidence

NVIDIA is entitled to adduce at the hearing in this matter in the International Trade Commission

("ITC") in relation to NVIDIA's allegation that the patents it asserts are infringed.  Accordingly,

the undersigned recommends that the District Court for the District of Columbia (i) issue, under

its seal and signature, the attached Letter of Request, (ii) return the original signed letter of

request to counsel for NVIDIA so that the said Letter of Request may be issued to the Royal

Ministry of Justice and Public Security acting as the Central Judicial Authority of the Kingdom

of Norway, (iii) direct that counsel for NVIDIA transmit the original letter of request to the

Central Authority of the Kingdom of Norway.

The ITC is a body falling within the ambit of institutes capable of issuing a Letter of

Request under the Hague convention.  NVIDIA represents that Norwegian law for these

purposes classifies all proceedings in a court or tribunal that are not criminal as civil. The proceedings in the ITC for the trial of which evidence is sought are not criminal proceedings. On the basis of that conclusion, the ALJ has concluded that the ITC proceedings should be considered a civil proceeding under the Norwegian law test.

A Letter of Request is the appropriate method of gathering necessary evidence outside of the United States. Federal Rule of Civil Procedure 28(b) contemplates gathering evidence through a deposition in a foreign country under a properly issued letter of request. *See* Fed. R. Civ. P. 28(b) ("A deposition may be taken in a foreign country . . . under a letter of request. . . . A [letter of request] may be issued: (A) on appropriate terms after an application and notice of it.").

NVIDIA must transmit the Letter of Request with a District Court judge's signature and the District Court's seal to The Royal Ministry of Justice and Public Security acting as the Central Authority for the Kingdom of Norway for enforcement. NVIDIA's Proposed Letter of Request seeks international judicial assistance in obtaining relevant evidence in Norway needed for the hearing in the ITC investigation into imports of certain consumer electronics and display devices with graphics processing and graphics processing units therein that allegedly infringe certain U.S. patents asserted by NVIDIA. NVIDIA's Letter of Request meets the standards set forth for Letters of Request according to the U.S. Department of State and the Hague Convention. *See* U.S. Dept. of State, Judicial Assistance Norway, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/norway.html.

The ALJ has sought to ensure that the Letter of Request also complies with the requirements of the Kingdom of Norway and Section 46 of the Court Administration Act which

governs the jurisdiction of the Norwegian court to comply with such a request as explained by NVIDIA.

In order to comply with the statutory time limitation on International Trade Commission proceedings, the undersigned respectfully requests the Court to assign a judge and schedule a hearing to expedite the issuance of the Letter of Request.

Respectfully submitted this _8th_ day of _December_ , 2014

Thomas B. Pender
Administrative Law Judge
United States International Trade Commission
500 E Street S.W., Room 317
Washington, DC 20436

Address for Return of Issued Letter of Request:
Jordan L. Coyle, Esq.
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

# APPENDIX B

In the United States District Court
for the District of Columbia

| | |
|---|---|
| NVIDIA Corporation, ) | |
| ) | |
| Plaintiff (Complainant), ) | Civil Action No. Misc. _____ |
| ) | |
| v. ) | RECOMMENDATION FOR ISSUANCE |
| ) | OF A LETTER ROGATORY |
| Samsung Electronics Co., Ltd., et al., ) | |
| ) | DEPONENT: ARM NORWAY AS |
| Defendants (Respondents). ) | |
| ) | |

## REQUEST FOR INTERNATIONAL ASSISTANCE — LETTER OF REQUEST

The United States District Court for the District of Columbia presents its compliments to
the Royal Ministry of Justice and Public Security for the Kingdom of Norway and respectfully
requests international judicial assistance to obtain evidence, under the Hague Convention of 18
March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in an
administrative proceeding as approved by this Court in the above captioned matter. Based on the
representations of Complainant NVIDIA Corporation ("NVIDIA"), this Court believes that the
testimony of Edvard Sørgård, of ARM Norway AS ("ARM"), and the particular documentary
evidence in the possession of ARM also described herein, is important for NVIDIA to prove that
the accused Samsung products infringe the asserted claims. This Court requests the assistance
described herein.

This Court respectfully requests that the Royal Ministry of Justice and Public Security
expedite this request, if possible and permissible. There are important deadlines in the action
pending before the Commission relevant to this Request and in particular NVIDIA's expert
report regarding the evidence sought by this request is due on March 13, 2015. Thus, to the

extent the Royal Ministry of Justice and Public Security can expedite this request, it is necessary to accelerate the process of obtaining the evidence requested below so that NVIDIA can prosecute its claims fairly in the above referenced administrative proceeding.

| 1. Sender: | Jordan L. Coyle, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500 |
|---|---|
| 2. Central Authority of the Requested State: | The Royal Ministry of Justice and Public Security<br>Department of Civil Affairs<br>Postal address:<br>P.O. Box 8005 Dep, 0030<br>Oslo, Norway<br>Office Address:<br>Gullhaug Torg 4 a, 0484<br>Oslo, Norway |
| 3. Person to whom the authorization is to be returned: | Jordan L. Coyle, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01 |
| In conformity with Article 17 of the Convention, the undersigned applicant has the honor to submit the following request: | |
| 4.<br>  a. Requesting judicial<br>    authority | United States District Court Judge<br>U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001<br>United States of America |
|   b. To the competent<br>    authority of: | Kingdom of Norway |
|   c. Name of the case and any | *In the Matter of Certain Consumer Electronics and Display* |

| identifying number: | *Devices with Graphics Processing and Graphics Processing Units Therein*, Investigation No. 337-TA-932 |
|---|---|
| 5.  Names and addresses of the parties and their representatives:<br><br>a.  Plaintiff (Complainant): | **NVIDIA Corporation**<br><br><u>Representatives:</u><br>I. Neel Chatterjee (lead counsel)<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>Telephone: 650-614-7400<br>Facsimile: 650-614-7401<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01 |
| b.  Defendant (Respondent): | **Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Semiconductor, Inc.; Qualcomm, Inc.**<br><br><u>Representatives:</u><br><br>D. Sean Trainor, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>*Counsel for the Samsung Respondents*<br><br>Deanna Tanner Okun, Esq.<br>Adduci, Mastriani & Schaumberg, LLP<br>1133 Connecticut Avenue, N.W., 12th Floor<br>Washington, DC 20036<br>*Counsel for Qualcomm, Inc.* |
| c.  Other parties: | **Office of Unfair Import Investigations of the United States International Trade Commission**<br><br><u>Representative:</u><br>Whitney Winston, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W.<br>Washington, DC 20436<br>Email: whitney.winston@usitc.gov |

| 6. Nature of the proceedings and summary of the facts: | **Nature of the Proceedings:** Unfair act in the importation of articles predicated on alleged patent infringement. |
|---|---|
| | **Summary of the Facts:** The complaint filed by NVIDIA alleges that various Samsung entities import, sell for importation, and/or sell within the United States after importation certain consumer electronics and display devices with graphics processing and graphics processing units therein that infringe U.S. Patent Nos. 6,198,488; 6,992,667; 7,038,685; 7,015,913; 6,697,063; 7,209,140; and 6,690,372 (collectively the "Asserted Patents"). NVIDIA seeks, among other things, an exclusion order barring importation of the allegedly infringing devices. |
| | The United States International Trade Commission, under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), as amended, instituted proceedings based on NVIDIA's complaint and subsequently published notice of those proceedings in the Federal Register.  Upon institution, the proceeding was assigned to Administrative Law Judge Thomas B. Pender to preside over pretrial matters, conduct a trial and issue an initial determination on the merits of the investigation. The initial determination of Judge Pender is subject to possible review by the Commission, with a right of appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States. |
| | NVIDIA alleges that Samsung unlawfully imports into the United States mobile phones and tablet computers, such as those sold under the brand name "Galaxy," that infringe NVIDIA's U.S. patents.  The infringed patents are directed to the graphics processing unit, or "GPU", that is integrated into the phones and tablets.  Every phone and tablet is powered by a processor (semiconductor chip), such as the Samsung Exynos processor.  That processor contains two principal components, a CPU and a GPU.  The CPU is sometimes referred to as the "brains" of a device and it executes many of the software programs on the phone or tablet.  The GPU is a separate processor, contained on the same chip, which is especially designed to perform complex graphics computations at a much faster speed, and with more efficiency, than the CPU.  The GPU is therefore responsible for the high resolution images, advanced graphics, high-end visual effects and user interfaces that consumers have come to expect from today's cell phones and tablet computers. |

ARM supplies GPUs to Samsung, called "Mali," which Samsung incorporates into its Exynos processors. ARM provides the RTL, or hardware source code, that is used to create the GPU circuitry in the Samsung processors. Those Exynos processors are then incorporated in the Samsung Galaxy phones and tablets that are imported into the United States, in violation of NVIDIA's U.S. patents. The Mali GPUs are the component in those Samsung products that result in infringement.

Various aspects of the NVIDIA patent claims are directed at details found within the Mali GPUs from ARM. For example, NVIDIA was the first company to invent the GPU itself – combining essential elements of a graphics rendering pipeline onto a single semiconductor chip – and was issued patents in the U.S. protecting this achievement. NVIDIA also asserts patents that cover programmable shading operations, i.e., the ability of a software application writer to use a predetermined instruction set to create very flexible and advanced graphics effects and then program the GPU to execute that application and accelerate the processing of those graphics operations. NVIDIA also invented the "unified shader" architecture that is at the heart of the Mali GPU. ARM calls these units Shader Cores. These processing units enable the GPU to make efficient use of its hardware resources. Another NVIDIA patent covers the ability of the GPU to execute programs out-of-order to improve performance, a feature implemented by schedulers within the Mali GPU. Yet another patent, acquired from a company called Gigapixel, covers tiling and visibility testing that is used by ARM in its mobile GPU products.

ARM has unique knowledge and information regarding all of these details of the internal structure and operation of its GPUs, which details are relevant to showing that the GPUs infringe NVIDIA's patents. The document requests and deposition topics are directed to these specific details that are relevant to the patents, which cover a wide range of different, important features within the Mali GPUs.

NVIDIA provided the ITC with extensive claim charts that cited publicly available evidence showing how the Mali GPUs supplied by ARM infringe representative claims of the patents-in-suit. This information can be found as part of the public record, attached to the ITC Complaint as Exhibits 28, 30, 32 and 34. At the same time, NVIDIA needs to gather the direct

|  | evidence and testimony of ARM concerning the specific details of the Mali GPUs that will confirm and support the more general information that has been released to the public. Thus, the requested documentation exists and is relevant to proof at the trial in this investigation. |
| --- | --- |
| 7.  Evidence to be obtained and purpose: | **Evidence to be Obtained:** <br><br> It is respectfully requested that a judicial authority of Norway order ARM Norway AS to produce documents as described in Exhibit 2 hereto and Edvard Sørgård to provide testimony as described in Exhibit 3 hereto, related to ARM's Mali GPU cores. <br><br> Due to the schedule in this case, particularly the deadline of March 13, 2015 for NVIDIA's expert report regarding the evidence sought by this request, it is respectfully requested that the present request for permission to take evidence be considered as expeditiously as possible. <br><br> **Purpose of the Evidence:** <br><br> NVIDIA seeks the testimony and documents of ARM to prove at the hearing in the ITC investigation that NVIDIA's Asserted Patents are infringed by Samsung phones and tablets that contain the Mali GPU cores designed, developed and supplied by ARM.  Without this evidence, NVIDIA would be prejudiced in its ability to prove a violation of Section 337 (importation of goods that infringe its U.S. patents) based on any Asserted Patent claims. <br><br> The documents from ARM and deposition testimony are highly relevant because the documents and evidence sought will disclose that Samsung's products infringe the asserted patents by virtue of their incorporation of the Mali GPUs. <br><br> Particularly, ARM has unique knowledge and information regarding all of these details of the internal structure and operation of its GPUs, which details are relevant to showing that the GPUs infringe NVIDIA's patents.  The document requests and deposition topics are directed to these specific details that are relevant to the patents, which cover a wide range of different, important features within the Mali GPUs. <br><br> ARM is known to possess the requested information because ARM has produced such documents in a prior ITC |

investigation: *Certain Consumer Elecs. with Display &
Processing Capabilities*, Inv. No. 337-TA-884 (U.S.I.T.C.)
(the "884 Investigation"). That investigation involved, *inter
alia*, allegations of infringement of patents directed to graphics
processing capabilities in graphics processing cores provided
by ARM. In support of its infringement allegations there, the
complainant submitted detailed ARM RTL source code and
documentary evidence describing the ARM Mali-400 graphics
processing unit. *See Certain Consumer Elecs. with Display &
Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID
543478 at 44 (U.S.I.T.C. Oct. 3, 2014). The complainant in
the 884 Investigation moved many ARM documents into
evidence to prove its infringement allegations, including:

- The GX570 Mali-400 MP GPU Release Note PR347-
  GENC-00994325 v.12.0,
- The Technical Reference Manual, Configuration and Sign-
  Off Guide, and Integration Manual for the ARM Mali-400
  MP GPU Revision: r1p1,
- Source code, and
- Source code diagrams.

*Certain Consumer Elecs. with Display & Processing
Capabilities*, Inv. No. 337-TA-884, EDIS DocID 542794 at
Complainant's Exhibit List at 4-5 (U.S.I.T.C. Oct. 3, 2014).

Further, Mr. Sørgård gave sworn deposition testimony in at
least the 884 Investigation regarding ARM's GPU cores. *See
Certain Consumer Elecs. with Display & Processing
Capabilities*, Inv. No. 337-TA-884, EDIS DocID 543478 at 47
(U.S.I.T.C. Oct. 3, 2014). The complainant in the 884
Investigation relied extensively on Mr. Sørgård's testimony to
prove at trial that the accused products, which contained ARM
GPU cores, infringed the complainant's graphics processing
patents. *E.g.*, *Certain Consumer Elecs. with Display &
Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID
542794 at 15, 22, and 46 (U.S.I.T.C. Oct. 3, 2014). The
attorney representing the ITC's office of Unfair Import
Investigations also relied on Mr. Sørgård's testimony to prove
infringement. *Id.* at 36.

Moreover, Mr. Sørgård is a named inventor on approximately
32 issued patents, patent applications, and patent publications,
most of which are currently assigned to ARM entities. The
subject matter of many of these patent assets directly falls
within the scope of the topics of this deposition notice, such as
hidden surface removal in graphics processing systems, 3D
graphics processors, and texture operations in graphics

|  | processing systems.<br><br>In addition, it is known that ARM possesses the requested documentation because it is standard in the industry for GPU cores such as those supplied and licensed by ARM.  For example, ARM necessarily provides RTL, programming guides, Software Development Kits, graphics drivers, and technical specifications to Samsung (and other semiconductor manufacturers) because such source code and documentation is necessary for Samsung to integrate the Mali GPUs in its semiconductor chips.  NVIDIA knows this documentation and source code is required because it also designs and develops GPU cores which it has offered to license and it is in the same industry as ARM.  Also ARM Inc., a related corporation based in the United States, has specifically identified ARM Norway AS as having "possession, custody, and control" of the relevant information sought in NVIDIA's subpoena to ARM Inc.<br><br>The documentation and testimony sought by these Letters of Request are necessary to prove infringement by the accused Samsung phones and tablets, which results from their incorporation of Mali GPUs.  The request is being made for the purpose of justice and for the use in civil proceedings at the trial in this investigation, between the parties to the investigation and before Administrative Law Judge Pender of the International Trade Commission. |
|---|---|
| 8.  Identity and address of any person to be examined: | Edvard Sørgård<br>ARM Norway AS<br>Olav Tryggvassons gt. 39-41, 7011<br>Trondheim, Norway |
| 9.  Documents and other property to be inspected: | Please see the attached list in Exhibit 2. |
| 10.  Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined: | Please see the list of topics in Exhibit 3. |
| 11.  Any requirement that the evidence be given on oath or affirmation and any special form to be used: | It is respectfully requested that an examiner or other appropriate judicial officer of Norway direct that the witnesses be duly sworn in accordance with the applicable procedures in Norway, alternatively that a U.S. court reporter may administer an oath in compliance with U.S. procedural rules, and that the testimony be taken and transcribed by a qualified court reporter chosen by NVIDIA's representatives. |

8

| 12. Special methods or procedures to be followed: | The following is respectfully requested: |
|---|---|
| | a. That the documents requested in Exhibit 2 be provided to the Norwegian Court and to NVIDIA's Counsel in Norway, Advokatfirmaet Haavind AS, no later than fourteen (14) days from the date of the Order of the Norwegian Court. |
| | b. That Edvard Sørgård of ARM Norway AS and the corporate designee of ARM Norway AS is required to attend the offices of Advokatfirmaet Haavind AS Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo, in order to be examined on the information listed in Exhibit 3. |
| | c. That the examination of the witnesses take place on dates to be agreed between the parties commencing within no later than 21 days of the date of the Order of the Norwegian Court and in any event before 28 days of the Order of the Norwegian Court. |
| | d. That Seven (7) hours be allotted for the examination of each witness in line with the ordinary timetable of a Norwegian Court, or Twelve (12) hours if the examination is conducted in Norwegian with English translation. |
| | e. That up to [4] attorneys of Orrick, Herrington & Sutcliffe, LLP, who are NVIDIA's US legal representatives be permitted to attend the deposition and examine the witness(es) on the topics listed in Exhibit 3. |
| | f. That up to [4] of the U.S. legal representatives for each of the other parties to the litigation be permitted to attend the deposition and examine the witness(es) on the topics listed in Exhibit 3. |
| | g. That ARM Norway AS and Mr. Sørgård be permitted to have attorneys present to attend the examination. |
| | g. That there be excluded from the examination, if permitted under the law of Norway, all persons other than the judicial officer conducting the examination of ARM, the designees of ARM, the attorneys for the parties, the stenographer, and other officials of the court of Norway normally present during such proceedings. |
| | h. That NVIDIA be permitted to produce the documents and deposition testimony to the parties to the litigation pursuant to |

|  | the rules governing the ITC litigation. |
|---|---|
| 13. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | ARM and Edvard Sørgård shall have the right to refuse to produce documents or give evidence if to do so would disclose information which is privileged on any ground recognized under the laws of the United States or the laws of Norway. |
| 14. Request for notification of time and place for the execution of the Request and identity and address of any person to be notified: | I. Neel Chatterjee<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>Telephone: 650-614-7400<br>Facsimile: 650-614-7401<br>*Counsel for NVIDIA in the United States*<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01<br>*Counsel for NVIDIA in Norway*<br><br>D. Sean Trainor, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>*Counsel for the Samsung Respondents*<br><br>Deanna Tanner Okun, Esq.<br>Adduci, Mastriani & Schaumberg, LLP<br>1133 Connecticut Avenue, N.W., 12th Floor<br>Washington, DC 20036<br>*Counsel for Qualcomm, Inc.*<br><br>Whitney Winston, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W.<br>Washington, DC 20436<br>Email: whitney.winston@usitc.gov |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |

| | |
|---|---|
| 16. The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | NVIDIA Corporation<br><br>c/o Robert Benson, Esq.<br>Orrick, Herrington & Sutcliffe, LLP<br>2050 Main Street<br>Suite 1100<br>Irvine, CA 92614-8255 |
| 17. Date of request: | _____, 2014<br>Month                    Day |
| 18. Signature and seal of the requesting authority: | _____<br>United States District Court Judge<br>U.S. District Court for the District of Columbia |

Exhibits:
Exhibit 1, Protective Order
Exhibit 2, Documents or Other Property to be Produced by ARM Norway AS.
Exhibit 3, Topics for the Deposition of ARM Norway AS.

11

IN THE MATTER OF CERTAIN CONSUMER                    337-TA-932
ELECTRONICS AND DISPLAY DEVICES WITH GRAPHICS
PROCESSING AND GRAPHICS PROCESSING UNITS THEREIN

CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **PUBLIC ORDER NO. 06** has been served
upon the **Commission Investigative Attorney, Whitney Winston, Esq.,** and the following
parties as indicated on ___December 8___, 2014.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, DC   20436

## FOR COMPLAINANTS NVIDIA CORPORATION:

I. Neel Chatterjee, Esq.                          ( )Via Hand Delivery
**ORRICK, HERRINGTON & SUTCLIFFE LLP**            ( )Via Express Delivery
1000 Marsh Road                                   (✗)Via First Class Mail
Menlo Park, California 94025                       ( )Other:_____

## FOR RESPONDENT QUALCOMM, INC:

Deanna Tanner Okun, Esq.                           ( )Via Hand Delivery
**ADDUCI, MASTRIANI & SCHAUMBERG, LLP**            ( )Via Express Delivery
1133 Connecticut Avenue, N.W., 12th Floor          (✗)Via First Class Mail
Washington, DC 20036                               ( )Other:_____

## FOR RESPONDENTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG SEMICONDUCTOR, INC. (Collectively, "Samsung"):

D. Sean Trainer, Esq.                              ( )Via Hand Delivery
**KIRKLAND & ELLIS LLP**                           ( )Via Express Delivery
655 Fifteenth Street, N.W.                         (✗)Via First Class Mail
Washington, DC 20005                               ( )Other:_____

# EXHIBIT 2

**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| NVIDIA Corporation, | ) |
| | ) |
| Plaintiff (Complainant), | ) |
| | ) |
| v. | ) |
| | ) |
| Samsung Electronics Co., Ltd., et al., | ) |
| | ) |
| Defendants (Respondents). | ) |

**Civil Action No. Misc. _____**

RECOMMENDATION FOR ISSUANCE
OF A LETTER ROGATORY

DEPONENT: ARM NORWAY AS

### REQUEST FOR INTERNATIONAL ASSISTANCE — LETTER OF REQUEST

The United States District Court for the District of Columbia presents its compliments to the Royal Ministry of Justice and Public Security for the Kingdom of Norway and respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in an administrative proceeding as approved by this Court in the above captioned matter.  Based on the representations of Complainant NVIDIA Corporation ("NVIDIA"), this Court believes that the testimony of Edvard Sorgård, of ARM Norway AS ("ARM"), and the particular documentary evidence in the possession of ARM also described herein, is important for NVIDIA to prove that the accused Samsung products infringe the asserted claims.  This Court requests the assistance described herein.

This Court respectfully requests that the Royal Ministry of Justice and Public Security expedite this request, if possible and permissible.  There are important deadlines in the action pending before the Commission relevant to this Request and in particular NVIDIA's expert report regarding the evidence sought by this request is due on March 13, 2015.  Thus, to the

extent the Royal Ministry of Justice and Public Security can expedite this request, it is necessary

to accelerate the process of obtaining the evidence requested below so that NVIDIA can

prosecute its claims fairly in the above referenced administrative proceeding.

| 1. Sender: | Jordan L. Coyle, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500 |
| --- | --- |
| 2. Central Authority of the Requested State: | The Royal Ministry of Justice and Public Security<br>Department of Civil Affairs<br>Postal address:<br>P.O. Box 8005 Dep, 0030<br>Oslo, Norway<br>Office Address:<br>Gullhaug Torg 4 a, 0484<br>Oslo, Norway |
| 3. Person to whom the authorization is to be returned: | Jordan L. Coyle, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdoy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01 |

In conformity with Article 17 of the Convention, the undersigned applicant has the honor to submit the following request:

| 4. | |
| --- | --- |
| a. Requesting judicial authority | United States District Court Judge<br>U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001<br>United States of America |
| b. To the competent authority of: | Kingdom of Norway |
| c. Name of the case and any | *In the Matter of Certain Consumer Electronics and Display* |

| identifying number: | *Devices with Graphics Processing and Graphics Processing Units Therein*, Investigation No. 337-TA-932 |
|---|---|
| 5. Names and addresses of the parties and their representatives:<br><br>a. Plaintiff (Complainant): | **NVIDIA Corporation**<br><br><u>Representatives:</u><br>I. Neel Chatterjee (lead counsel)<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>Telephone: 650-614-7400<br>Facsimile: 650-614-7401<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdoy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01 |
| b. Defendant (Respondent): | **Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Semiconductor, Inc.; Qualcomm, Inc.**<br><br><u>Representatives:</u><br><br>D. Sean Trainor, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>*Counsel for the Samsung Respondents*<br><br>Deanna Tanner Okun, Esq.<br>Adduci, Mastriani & Schaumberg, LLP<br>1133 Connecticut Avenue, N.W., 12th Floor<br>Washington, DC 20036<br>*Counsel for Qualcomm, Inc.* |
| c. Other parties: | **Office of Unfair Import Investigations of the United States International Trade Commission**<br><br><u>Representative:</u><br>Whitney Winston, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W.<br>Washington, DC 20436<br>Email: whitney.winston@usitc.gov |

| 6. Nature of the proceedings and summary of the facts: | **Nature of the Proceedings:** <br> Unfair act in the importation of articles predicated on alleged patent infringement. <br><br> **Summary of the Facts:** <br> The complaint filed by NVIDIA alleges that various Samsung entities import, sell for importation, and/or sell within the United States after importation certain consumer electronics and display devices with graphics processing and graphics processing units therein that infringe U.S. Patent Nos. 6,198,488; 6,992,667; 7,038,685; 7,015,913; 6,697,063; 7,209,140; and 6,690,372 (collectively the "Asserted Patents"). NVIDIA seeks, among other things, an exclusion order barring importation of the allegedly infringing devices. <br><br> The United States International Trade Commission, under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), as amended, instituted proceedings based on NVIDIA's complaint and subsequently published notice of those proceedings in the Federal Register.  Upon institution, the proceeding was assigned to Administrative Law Judge Thomas B. Pender to preside over pretrial matters, conduct a trial and issue an initial determination on the merits of the investigation. The initial determination of Judge Pender is subject to possible review by the Commission, with a right of appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States. <br><br> NVIDIA alleges that Samsung unlawfully imports into the United States mobile phones and tablet computers, such as those sold under the brand name "Galaxy," that infringe NVIDIA's U.S. patents.  The infringed patents are directed to the graphics processing unit, or "GPU", that is integrated into the phones and tablets.  Every phone and tablet is powered by a processor (semiconductor chip), such as the Samsung Exynos processor.  That processor contains two principal components, a CPU and a GPU.  The CPU is sometimes referred to as the "brains" of a device and it executes many of the software programs on the phone or tablet.  The GPU is a separate processor, contained on the same chip, which is especially designed to perform complex graphics computations at a much faster speed, and with more efficiency, than the CPU.  The GPU is therefore responsible for the high resolution images, advanced graphics, high-end visual effects and user interfaces that consumers have come to expect from today's cell phones and tablet computers. |

ARM supplies GPUs to Samsung, called "Mali," which Samsung incorporates into its Exynos processors. ARM provides the RTL, or hardware source code, that is used to create the GPU circuitry in the Samsung processors. Those Exynos processors are then incorporated in the Samsung Galaxy phones and tablets that are imported into the United States, in violation of NVIDIA's U.S. patents. The Mali GPUs are the component in those Samsung products that result in infringement.

Various aspects of the NVIDIA patent claims are directed at details found within the Mali GPUs from ARM. For example, NVIDIA was the first company to invent the GPU itself – combining essential elements of a graphics rendering pipeline onto a single semiconductor chip – and was issued patents in the U.S. protecting this achievement. NVIDIA also asserts patents that cover programmable shading operations, i.e., the ability of a software application writer to use a predetermined instruction set to create very flexible and advanced graphics effects and then program the GPU to execute that application and accelerate the processing of those graphics operations. NVIDIA also invented the "unified shader" architecture that is at the heart of the Mali GPU. ARM calls these units Shader Cores. These processing units enable the GPU to make efficient use of its hardware resources. Another NVIDIA patent covers the ability of the GPU to execute programs out-of-order to improve performance, a feature implemented by schedulers within the Mali GPU. Yet another patent, acquired from a company called Gigapixel, covers tiling and visibility testing that is used by ARM in its mobile GPU products.

ARM has unique knowledge and information regarding all of these details of the internal structure and operation of its GPUs, which details are relevant to showing that the GPUs infringe NVIDIA's patents. The document requests and deposition topics are directed to these specific details that are relevant to the patents, which cover a wide range of different, important features within the Mali GPUs.

NVIDIA provided the ITC with extensive claim charts that cited publicly available evidence showing how the Mali GPUs supplied by ARM infringe representative claims of the patents-in-suit. This information can be found as part of the public record, attached to the ITC Complaint as Exhibits 28, 30, 32 and 34. At the same time, NVIDIA needs to gather the direct

| | evidence and testimony of ARM concerning the specific details of the Mali GPUs that will confirm and support the more general information that has been released to the public. Thus, the requested documentation exists and is relevant to proof at the trial in this investigation. |
|---|---|
| 7.  Evidence to be obtained and purpose: | **Evidence to be Obtained:**<br><br>It is respectfully requested that a judicial authority of Norway order ARM Norway AS to produce documents as described in Exhibit 2 hereto and Edvard Sorgård to provide testimony as described in Exhibit 3 hereto, related to ARM's Mali GPU cores.<br><br>Due to the schedule in this case, particularly the deadline of March 13, 2015 for NVIDIA's expert report regarding the evidence sought by this request, it is respectfully requested that the present request for permission to take evidence be considered as expeditiously as possible.<br><br>**Purpose of the Evidence:**<br><br>NVIDIA seeks the testimony and documents of ARM to prove at the hearing in the ITC investigation that NVIDIA's Asserted Patents are infringed by Samsung phones and tablets that contain the Mali GPU cores designed, developed and supplied by ARM.  Without this evidence, NVIDIA would be prejudiced in its ability to prove a violation of Section 337 (importation of goods that infringe its U.S. patents) based on any Asserted Patent claims.<br><br>The documents from ARM and deposition testimony are highly relevant because the documents and evidence sought will disclose that Samsung's products infringe the asserted patents by virtue of their incorporation of the Mali GPUs.<br><br>Particularly, ARM has unique knowledge and information regarding all of these details of the internal structure and operation of its GPUs, which details are relevant to showing that the GPUs infringe NVIDIA's patents.  The document requests and deposition topics are directed to these specific details that are relevant to the patents, which cover a wide range of different, important features within the Mali GPUs.<br><br>ARM is known to possess the requested information because ARM has produced such documents in a prior ITC |

investigation: *Certain Consumer Elecs. with Display & Processing Capabilities*, Inv. No. 337-TA-884 (U.S.I.T.C.) (the "884 Investigation"). That investigation involved, *inter alia*, allegations of infringement of patents directed to graphics processing capabilities in graphics processing cores provided by ARM. In support of its infringement allegations there, the complainant submitted detailed ARM RTL source code and documentary evidence describing the ARM Mali-400 graphics processing unit. *See Certain Consumer Elecs. with Display & Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID 543478 at 44 (U.S.I.T.C. Oct. 3, 2014). The complainant in the 884 Investigation moved many ARM documents into evidence to prove its infringement allegations, including:

- The GX570 Mali-400 MP GPU Release Note PR347-GENC-00994325 v.12.0,
- The Technical Reference Manual, Configuration and Sign-Off Guide, and Integration Manual for the ARM Mali-400 MP GPU Revision: r1p1,
- Source code, and
- Source code diagrams.

*Certain Consumer Elecs. with Display & Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID 542794 at Complainant's Exhibit List at 4-5 (U.S.I.T.C. Oct. 3, 2014).

Further, Mr. Sorgård gave sworn deposition testimony in at least the 884 Investigation regarding ARM's GPU cores. *See Certain Consumer Elecs. with Display & Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID 543478 at 47 (U.S.I.T.C. Oct. 3, 2014). The complainant in the 884 Investigation relied extensively on Mr. Sorgård's testimony to prove at trial that the accused products, which contained ARM GPU cores, infringed the complainant's graphics processing patents. *E.g., Certain Consumer Elecs. with Display & Processing Capabilities*, Inv. No. 337-TA-884, EDIS DocID 542794 at 15, 22, and 46 (U.S.I.T.C. Oct. 3, 2014). The attorney representing the ITC's office of Unfair Import Investigations also relied on Mr. Sorgård's testimony to prove infringement. *Id.* at 36.

Moreover, Mr. Sorgård is a named inventor on approximately 32 issued patents, patent applications, and patent publications, most of which are currently assigned to ARM entities. The subject matter of many of these patent assets directly falls within the scope of the topics of this deposition notice, such as hidden surface removal in graphics processing systems, 3D graphics processors, and texture operations in graphics

| | |
|---|---|
| | processing systems. |
| | In addition, it is known that ARM possesses the requested documentation because it is standard in the industry for GPU cores such as those supplied and licensed by ARM. For example, ARM necessarily provides RTL, programming guides, Software Development Kits, graphics drivers, and technical specifications to Samsung (and other semiconductor manufacturers) because such source code and documentation is necessary for Samsung to integrate the Mali GPUs in its semiconductor chips. NVIDIA knows this documentation and source code is required because it also designs and develops GPU cores which it has offered to license and it is in the same industry as ARM. Also ARM Inc., a related corporation based in the United States, has specifically identified ARM Norway AS as having "possession, custody, and control" of the relevant information sought in NVIDIA's subpoena to ARM Inc.

The documentation and testimony sought by these Letters of Request are necessary to prove infringement by the accused Samsung phones and tablets, which results from their incorporation of Mali GPUs. The request is being made for the purpose of justice and for the use in civil proceedings at the trial in this investigation, between the parties to the investigation and before Administrative Law Judge Pender of the International Trade Commission. |
| 8. Identity and address of any person to be examined: | Edvard Sorgård<br>ARM Norway AS<br>Olav Tryggvassons gt. 39-41, 7011<br>Trondheim, Norway |
| 9. Documents and other property to be inspected: | Please see the attached list in Exhibit 2. |
| 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined: | Please see the list of topics in Exhibit 3. |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used: | It is respectfully requested that an examiner or other appropriate judicial officer of Norway direct that the witnesses be duly sworn in accordance with the applicable procedures in Norway, alternatively that a U.S. court reporter may administer an oath in compliance with U.S. procedural rules, and that the testimony be taken and transcribed by a qualified court reporter chosen by NVIDIA's representatives. |

| 12. Special methods or procedures to be followed: | The following is respectfully requested: |
|---|---|
| | a. That the documents requested in Exhibit 2 be provided to the Norwegian Court and to NVIDIA's Counsel in Norway, Advokatfirmaet Haavind AS, no later than fourteen (14) days from the date of the Order of the Norwegian Court. |
| | b. That Edvard Sorgård of ARM Norway AS and the corporate designee of ARM Norway AS is required to attend the offices of Advokatfirmaet Haavind AS Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo, in order to be examined on the information listed in Exhibit 3. |
| | c. That the examination of the witnesses take place on dates to be agreed between the parties commencing within no later than 21 days of the date of the Order of the Norwegian Court and in any event before 28 days of the Order of the Norwegian Court. |
| | d. That Seven (7) hours be allotted for the examination of each witness in line with the ordinary timetable of a Norwegian Court, or Twelve (12) hours if the examination is conducted in Norwegian with English translation. |
| | e. That up to [4] attorneys of Orrick, Herrington & Sutcliffe, LLP, who are NVIDIA's US legal representatives be permitted to attend the deposition and examine the witness(es) on the topics listed in Exhibit 3. |
| | f. That up to [4] of the U.S. legal representatives for each of the other parties to the litigation be permitted to attend the deposition and examine the witness(es) on the topics listed in Exhibit 3. |
| | g. That ARM Norway AS and Mr. Sorgård be permitted to have attorneys present to attend the examination. |
| | g. That there be excluded from the examination, if permitted under the law of Norway, all persons other than the judicial officer conducting the examination of ARM, the designees of ARM, the attorneys for the parties, the stenographer, and other officials of the court of Norway normally present during such proceedings. |
| | h. That NVIDIA be permitted to produce the documents and deposition testimony to the parties to the litigation pursuant to |

| | |
|---|---|
| | the rules governing the ITC litigation. |
| 13. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | ARM and Edvard Sorgård shall have the right to refuse to produce documents or give evidence if to do so would disclose information which is privileged on any ground recognized under the laws of the United States or the laws of Norway. |
| 14. Request for notification of time and place for the execution of the Request and identity and address of any person to be notified: | I. Neel Chatterjee<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>Telephone: 650-614-7400<br>Facsimile: 650-614-7401<br>*Counsel for NVIDIA in the United States*<br><br>Anne Marie Sejersted<br>Advokatfirmaet Haavind AS<br>Bygdøy allé 2, PB 359 Sentrum, NO-0101 Oslo<br>Telephone: +47 22 43 30 00<br>Facsimile: +47 22 43 30 01<br>*Counsel for NVIDIA in Norway*<br><br>D. Sean Trainor, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>*Counsel for the Samsung Respondents*<br><br>Deanna Tanner Okun, Esq.<br>Adduci, Mastriani & Schaumberg, LLP<br>1133 Connecticut Avenue, N.W., 12th Floor<br>Washington, DC 20036<br>*Counsel for Qualcomm, Inc.*<br><br>Whitney Winston, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W.<br>Washington, DC 20436<br>Email: whitney.winston@usitc.gov |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |

| 16. The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | NVIDIA Corporation<br><br>c/o Robert Benson, Esq.<br>Orrick, Herrington & Sutcliffe, LLP<br>2050 Main Street<br>Suite 1100<br>Irvine, CA 92614-8255 |
|---|---|
| 17. Date of request: | _____, 2014<br>Month              Day |
| 18. Signature and seal of the requesting authority: | _____<br>United States District Court Judge<br>U.S. District Court for the District of Columbia |

Exhibits:

Exhibit 1, Protective Order

Exhibit 2, Documents or Other Property to be Produced by ARM Norway AS.

Exhibit 3, Topics for the Deposition of ARM Norway AS.

# ATTACHMENT A

**Documents or Other Property to be Produced by
ARM Norway AS**

## DEFINITIONS

1.      "Executable Code" means machine language instructions, typically expressed in binary code consisting of 1's and 0's, intended for execution by a computer or processor.  Code may be "Executable Code" even if it contains errors that prevent it from actually being able to run on a computer or processor as intended.

2.      The terms "Graphics Processing Unit" and "GPU" shall mean any specialized processor, electronic circuit within a chip, or semiconductor intellectual property core that is designed, at least in part, to process graphics data for the purpose of rendering images, animations, video and other content for a visual display.  GPUs specifically include, but are not limited to, the GPUs defined herein as Mali.

3.      The terms "ARM," "You," or "Your" shall mean ARM Norway AS, ARM Inc., and ARM Ltd., their parents, subsidiaries, affiliates, divisions, successors, predecessors, and/or any and all employees, officers, directors, attorneys, agents or representatives thereof.

4.      The term "Investigation" refers to *In the Matter of Certain Consumer Electronics and Display Devices with Graphics Processing and Graphics Processing Units Therein*, United States International Trade Commission Investigation No. 337-TA-932.

5.      "NVIDIA" as used herein means Complainant NVIDIA Corporation, its subsidiaries and divisions, successors, predecessors, and/or any and all employees, officers, directors, attorneys, agents or representatives thereof.

6.      The term "Samsung" as used herein means (1) each of Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America L.L.C., and Samsung Semiconductor, Inc; (2) each of their subsidiaries, (3) each of the

divisions of Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America L.L.C., and Samsung Semiconductor, Inc., and their subsidiaries, (4) any successor or predecessor to Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America L.L.C., and Samsung Semiconductor, Inc. and their subsidiaries, and/or (5) any and all employees, officers, directors, attorneys, agents or representatives thereof.

      7.    "Source Code" means program instructions written in a programming language (including hardware description code, such as HDL, VHDL or RTL, and software source code, such as code written in programming languages such as C or C++, and code written using APIs such as OpenGL, OpenGL ES, DirectX, Direct3D and Android APIs and shading languages such as OpenGL SL) that programmers write before the program is compiled or interpreted into Executable Code, along with any comments or annotations embedded in or accompanying such program instructions. Source Code also includes, but is not limited to, all source files, library files, header files, project and make files, build files, and source files for the routines that are called out in the header files, whether or not sufficient to allow the compilation of a functioning copy of Executable Code.

## DOCUMENT REQUESTS

### ARM Norway AS is Requested to Produce the Following:

      1.    The Technical Reference Manuals for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

      2.    The Software Development Kits ("SDKs"), including Mali OpenGL ES SDKs, for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

      3.    The Instruction Set Architectures for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

4.      The RTL for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

5.      The Developer Guides for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

6.      The Driver Source Code for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

7.      The Functional Block Diagrams and Functional Descriptions for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860 and each hardware component and functional unit therein.

8.      The Implementer Instructions and Installation Guides for Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860.

9.      Each of the foregoing documents for the Mali GPUs you are supplying to Samsung for incorporation into Samsung products that will be sold in the United States between now and December 31, 2015.

10.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-400 in the Samsung Exynos 4 Quad 4412, Exynos 4210, Exynos 4212, Exynos C210 and Exynos 3 Quad 3470.

11.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-400 for use in the Samsung Exynos 4 Quad 4412, Exynos 4210, Exynos 4212, Exynos C210 and Exynos 3 Quad 3470.

12.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-400 in the Samsung Exynos 4 Quad 4412, Exynos 4210, Exynos 4212, Exynos C210 and Exynos 3 Quad 3470.

13.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-T604 in the Samsung Exynos 5 Dual 5250.

14.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-T604 in the Samsung Exynos 5 Dual 5250.

15.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-T604 in the Samsung Exynos 5 Dual 5250.

16.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-T624 in the Samsung Exynos 5 Hexa 5260.

17.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-T624 in the Samsung Exynos 5 Hexa 5260.

18.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-T624 in the Samsung Exynos 5 Hexa 5260.

19.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-T628 in the Samsung Exynos 5 Octa 5410, 5420 and 5422.

20.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-T628 in the Samsung Exynos 5 Octa 5410, 5420 and 5422.

21.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-T628 in the Samsung Exynos 5 Octa 5410, 5420 and 5422.

22.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-T760 in the Samsung Exynos 7 Octa 5433.

23.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-T760 in the Samsung Exynos 7 Octa 5433.

24.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-T760 in the Samsung Exynos 7 Octa 5433.

25.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung to enable the implementation and programming of Mali-T860 in any Samsung Exynos chip.

26.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali-T860 for use in any Samsung Exynos chip.

27.     The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali-T860 in any Samsung Exynos chip.

28.     The Software Development Kits, technical specifications and programming guides that you supplied to Samsung between January 1, 2012 and the date of the Order to enable the implementation and programming of Mali GPUs.

29.     The Source Code for the RTL that You supplied to Samsung that comprised the Mali GPUs you are supplying to Samsung between January 1, 2012 and the date of the Order to enable the implementation and programming of Mali GPUs.

30.    The Source Code for the graphics drivers and software that You supplied to Samsung for use with the Mali GPUs you are supplying to Samsung between January 1, 2012 and the date of the Order to enable the implementation and programming of Mali GPUs.

31.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-400 GPU to Samsung.

32.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-604 GPU to Samsung.

33.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-624 GPU to Samsung.

34.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-628 GPU to Samsung.

35.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-760 GPU to Samsung.

36.    The Agreement between ARM and Samsung governing the supply and licensing of the Mali-860 GPU to Samsung.

# ATTACHMENT B

Topics for the Deposition of
ARM Norway AS

**DEFINITIONS**

The definitions set forth in Exhibit 2 above also apply to the following deposition topics.

Further, you are instructed to make a Source Code computer, which contains all the Source Code requested in Exhibit 2, available at any and all depositions of ARM Norway AS personnel with regards to this Investigation.

### The Identified Witnesses of ARM Norway AS Are Requested to Provide Testimony on the Following Subjects:

1.      The identity, by name, model number, part number, and any other formal and informal designation (such as internal product code names), of each Mali GPU that ARM supplied to Samsung for incorporation into semiconductor chips, which semiconductor chips were incorporated into mobile phones and tablet computers sold in the United States since January 1, 2013.

2.      The identity, by name, model number, part number, and any other formal and informal designation (such as internal product code names), of each Mali GPU that ARM supplied to Samsung for incorporation into semiconductor chips, which semiconductor chips are intended for use in mobile phones and tablet computers that will be sold in the United States between now and December 31, 2015.

3.      The structure, design, architecture, function, and operation of each of the following Mali GPUs, which were incorporated in Samsung products sold in the U.S. since January 1, 2013:

    a.  Mali-400
    b.  Mali-T604
    c.  Mali-T624
    d.  Mali-T628
    e.  Mali-T760

        f.  Mali-T860

4.     For each of the Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and

Mali-T860 GPUs, the structure and operation of the following components:

        a.  Job Manager
        b.  Rasterizer
        c.  Triangle Setup Unit
        d.  Shader cores, including the tri-pipe thread execution units, thread issue, thread
            creators, thread pools
        e.  Thread schedulers and arbiters
        f.  Memory Management Unit, Snoop Control Unit, Level 2 Cache, system
            memory and memory buffers in the GPU
        g.  Texture units
        h.  Host CPU interface

5.     For each of the Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and

Mali-T860 GPUs, each of the following functions, components or features of the GPU:

        a.  Transform, lighting, swizzling, skinning and masking operations
        b.  Rasterization and scan conversion
        c.  Set-up operations on primitives or geometries prior to rasterization or scan
            conversion
        d.  Parallel and/or multithread processing of graphics data within the GPU
        e.  Calculation of plane equations and interpolation of color or texture
            information for fragments or pixels
        f.  Balancing, load balancing and prioritizing the processing of vertex data,
            primitive data, geometry data, fragment data and pixel data by the shader
            cores
        g.  Scheduling threads and program instructions for execution and the sequence
            in which threads are launched and program instructions executed
        h.  Tracking the availability of graphics data for execution or processing by a
            thread or program instruction
        i.  The storage of thread state data or pointers to program instructions associated
            with threads
        j.  Tiling operations
        k.  Texture operations, including pre-fetch and dependent texture reads
        l.  The ability of the shader cores to perform iterative fragment shading
            calculations
        m.  The instruction sets used for programming the GPU
        n.  Visibility testing performed by the GPU including early-z, late-z rejection, z
            pre-pass and Hidden Surface Removal.

6.      The structure, design, architecture, function, and operation of the Mali GPUs supplied to Samsung for incorporation into Samsung products that will be sold in the United States between now and December 31, 2015, as specified in Topic Nos. 4 and 5.

7.      The technical specifications and programming documentation, and the source code for RTL, graphics drivers and software, that ARM supplied to Samsung to enable the implementation and programming of the Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860 GPUs, in Samsung Exynos processors.

8.      The technical specifications and programming documentation, and the source code for RTL, graphics drivers and software, that ARM supplied to Samsung to enable the implementation and programming of Mali GPUs into Samsung products that will be sold in the United States between now and December 31, 2015.

9.      The Agreements between ARM and Samsung governing the supply and licensing of Mali GPUs, including the Mali-400, Mali-T604, Mali-T624, Mali-T628, Mali-T760, and Mali-T860 GPUs.

10.     Other issues arising specification from the documents produced as specified in Exhibit 2.

# ATTACHMENT C

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

In the Matter of

CERTAIN CONSUMER ELECTRONICS AND
DISPLAY DEVICES WITH GRAPHICS PROCESSING
AND GRAPHICS PROCESSING UNITS THEREIN

Inv. No.  337-TA-932

ORDER NO. 1:     PROTECTIVE ORDER

(October 14, 2014)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1.  Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.  The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).  Any information submitted, in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this Investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).  The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.     In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:  (i) outside counsel for parties to this Investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a

2

non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this Investigation); (iv) the Commission, the Administrative Law Judge, the Commission Investigative Staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this Investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.[1]

4.      Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this Investigation.

5.      If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the Investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

---

[1] *See* Commission Administrative Order 97-06 (Feb. 4, 1997).

[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

6.      Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this Investigation shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this Investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7.      The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.  The Commission, the Administrative Law Judge, and the Commission Investigative Staff acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C.

4

§ 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge.  When such information is made part of a pleading or is offered into the evidentiary record, the data set forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is pending before the Administrative Law Judge.  During that time, the party offering the confidential business information must, upon request, provide a statement as to the claimed basis for its confidentiality.

9.  Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission Investigative Staff shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access to such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to redesignate or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10.  If while the Investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall

5

notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the Investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter. The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling. If the Investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the

Administrative Law Judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14. Upon final termination of this Investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.  If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this Investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.  Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.  The Secretary shall serve a copy of this order upon all parties.

Thomas B. Pender
Administrative Law Judge

8